CUDNER *v.* CLEMENT.

WATERS AND WATERCOURSES — FLOODING LANDS — DRAINS AND DITCHES.
The owner of land over which surface water flows from an adjacent higher ground, in a natural watercourse, is not entitled to enjoin the upper proprietors from connecting a tile drain built by them across their property in the natural watercourse with tile put in by complainant upon her land, to carry off the excess of flowage, on a showing that the upper part of the drain was constructed on the dominant estate by the proprietors and connected with complainant's drain with the permission of her husband acting in her behalf, and in the absence of proof that more than the natural volume of water was cast upon complainant's land.[1]

Appeal from Branch; Yaple, J. Submitted January 19, 1911. (Docket No. 123.) Decided May 8, 1911.

Bill by Annagusta Cudner against Rebecca Clement and Jacob H. Swope, to enjoin the flooding of complainant's land. From a decree dismissing the bill, complainant appeals. Affirmed.

*Campbell & Johnson* and *Palmer & Palmer,* for complainant.

*L. F. Humphrey,* for defendants.

McALVAY, J. Complainant filed her bill in the circuit court for Branch county, in chancery, against defendants, asking for an injunction prohibiting them from using a certain tile drain across her premises, and from discharging any water upon her premises through a tile drain constructed by them, and for damages claimed to have been caused her by flooding her land by said defendants. Defendants answered, denying that complainant was entitled

---

[1] Rights as to flow of surface water, see note in 21 L. R. A. 593.

to any relief, and claiming that the water discharged from lands, which were higher than the land claimed by her, came down through a natural watercourse along the bottom of which their tile drains had been laid, and whatever they had done was by license of all the lower owners, including complainant, and they also denied any damage had been caused complainant by reason of the use of the tile drain on their lands. Issue was joined between the parties, and the case was heard before the court. A decree was granted denying complainant any relief, and her bill was dismissed. An appeal has been taken by complainant. The questions involved are substantially questions of fact.

The accompanying diagram, showing a sufficient portion of the lands of the parties to the suit, gives the location and direction of the entire line of the tile drain across these lands.

Defendant Rebecca Clement owns the north half of the south half of the northwest quarter of section 35, and defendant Swope the south half of the south half of the

same quarter section. These entire descriptions are not shown. This drain begins near the north line of the Clement land in two branches forming a Y, and runs in the directions indicated across all these lands, describing in its course a half circle, starting towards the south, and discharging towards the north into an open ditch in the highway on the north line of complainant's land. The water discharged from this drain continues to flow northerly for a mile or more, and finally empties into Hog creek.

The fall of the land from the upper end of the drain down where it crosses to the west side of the highway onto the Van Aaken farm is 5.25 feet; from that point to the manhole on the line between Van Aaken and complainant the fall is 18.42 feet and from there to the north line of complainant's the fall is 6.35 feet—making a total fall of 30.02 feet. The tile in the part of the drain on defendants' land is 3 and 5 inches in diameter and connects with a 5-inch tile on the Van Aaken farm, which discharged into the manhole, and from there over complainant's land the tile is 10 inches in diameter.

Complainant's contention is that the drain was put in by defendants and connected with the Van Aaken tile wrongfully and has resulted in flooding her land and destroying her crops; that this was done without any right, authority, or permission; that water is brought upon her land in large quantities which would not otherwise reach it. Defendants urge that the line of this drain for its entire length is in a natural watercourse along which the water of this territory drained when the country was in a state of nature, and ever since, and that no more water is now carried by this tile drain than has always flowed in the natural watercourse. It is undisputed that 30 or 40 years ago Mr. Van Aaken began to put in tile in the northeast corner of his farm, and by that means drained his barnyard across which it is claimed this natural watercourse ran; that he built a manhole on his north line, and by agreement with complainant's father, through whom

she acquired title by will, and who owned and occupied this land, Mr. Van Aaken dug a ditch in this watercourse across her land, and for years kept it open its entire length; that later complainant's husband, in the interest of better husbandry, desiring to cover up this open watercourse, made an agreement with Van Aaken to put in tile, each to furnish a certain portion of the tile and expense of putting in and covering them up. This was done by the parties, and complainant's farm work was no longer hindered with this open watercourse.

It is claimed by defendants that complainant's husband on behalf of himself and wife gave permission, upon request of defendant Swope, that a line of tile over the lands of both defendants might connect with the Van Aaken tile drain, under an agreement that Swope would clean out the outlet north of complainant's land. This was before defendants put in the tile on their land and made the connection on Van Aaken's land, under agreement with him. Defendants further claim that no more water flows down this tile drain than has always flowed over the ground down the natural watercourse which the drain follows, and that the flooding of complainant's land was caused by water which came upon it from land on the east side of this highway, farther north, through a sluiceway put in by the township, and that no more land is drained by the tile drain than formerly was drained through the old watercourse.

We agree with the learned trial judge that complainant has not sustained the allegations of her bill of complaint and is not entitled to relief. Nearly all of the contentions of defendants are either undisputed or supported by a preponderance of the proofs. The closely contested facts relate to whether more water than naturally came down this old watercourse is now cast upon complainant's land by this tile drain; whether the flooding and consequent injury to crops was caused by water from this drain; and whether license was given by complainant to defendants to connect with the underground drain. Upon these proposi-

tions, we agree with the conclusion of the court in favor of the defendants. The great weight of the evidence shows that this land formed a natural watercourse the whole length of this drain on defendants' lands, and that putting the tile in did not change conditions in any material respect, except to cover up the watercourse for the purpose of better husbandry; also, that the connection was made with the knowledge and consent of complainant's husband acting for her. It is worthy of notice that complainant is not sworn as a witness to dispute this or any other disputed matter. It is also clear that the water from this drain did not cause the damage to crops claimed. The weight of the evidence of disinterested witnesses shows that the flooding came across the road farther north and caused this damage.

From the situation of these parties as the land was before any improvements or drains were made, the water from these dominant estates by natural laws escaped over the servient estate now owned by complainant. There was no other way for this water to find a way out. This watercourse was continuously kept open by defendants and their predecessors in title. The acts of lower owners in confining the watercourse over their lands in tile or otherwise would not deprive the dominant estates of their right of flowage, and, if no artificial means had been adopted by them, they could not be held responsible for the natural volume of water which would come down in the natural way.

Even under existing circumstances it is evident that, with the fall shown, this drain on defendants' land in time of freshet would take off but a small part of the water. The natural conditions are such that all parties must have recognized this.

The decree is affirmed, with costs.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.